MANION, Circuit Judge,
concurring in part and dissenting in part.
I agree that the Big Ridge litigation was properly before the Board a second time, but for different reasons than the court articulates. When this case was previously before us, we issued a final judgment on July 2, 2014, vacating the Board’s orders. Big Ridge, Inc. et al. v. N.L.R.B., No. 12-3120, Doc. 72. Our mandate followed on August 25. Doc. 76. The mandate, which is by its nature an order directing the Board to act on the final judgment, implicitly remanded the case.
On the merits, I dissent. The Board cherry-picked the evidence supporting its theory of anti-union animus. It ignored the recent death of the miner who was crushed by a ram car, the Mine Safety and Health Administration (MSHA) directive to install feeder watchers, and the need for ram drivers like Wade Waller to follow feeder watchers’ directions. The Board failed to recognize the fact that Big Ridge was trying to comply with MSHA’s orders, which were designed to prevent yet another miner from being crushed by the ram cars. Instead, the Board recharacterized feeder watcher Ronald Koerner’s serious concerns about Waller’s statements and actions as a simple disagreement over whether the feeder would gob up. Under this reading, it was a disagreement that did not “have anything to do with ‘safety.’ ” Big Ridge, Inc. et al., 358 N.L.R.B. No. 114 (Aug. 31, 2012). To get this reading, the Board also had to ignore evidence that Waller chose to disobey all of Koerner’s signals that night.
Further, the Board failed to connect its generalized findings that Big Ridge had anti-union animus with any specific finding that officials involved in disciplining and terminating Waller had animus. The Board’s decision was concerned with officials who were never involved in terminating Waller. It never indicated that the officials involved in terminating Waller were influenced at all by anti-union animus. It is not our place to create that connection and find that animus.
In short, the Board’s decision lacks substantial evidence.